IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON INDEPENDENT SCHOOL DISTRICT, THE CITY OF HOUSTON, HARRIS COUNTY, on behalf of itself and the following county-wide taxing jurisdictions, THE HARRIS COUNTY EDUCATION DEPARTMENT, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, and THE HOUSTON COMMUNITY COLLEGE SYSTEM, | § § § § § § § § § § § § § | CIVIL ACTION NO. H-06-1692 |
| Plaintiffs, | § § | |
| v. | § § | |
| ATHANASIOS CHRISTOY, DE-VICENTIS TRADING LTD. COMPANY, NICOLAOS VRETTOS a/k/a NICOLAOL VRETTOL, | § § § § | |
| Defendants, | § § | |
| v. | § § | |
| THE UNITED STATES JUSTICE DEPARTMENT, THE UNITED STATES DRUG ENFORCEMENT AGENCY, THE INTERNAL REVENUE SERVICE, THE UNITED STATES SECRET SERVICE, and THE CENTRAL INTELLIGENCE AGENCY, | § § § § § § § § | |
| Third-Party Defendants. | § | |

MEMORANDUM AND ORDER


Pending is Third-Party Defendants the United States Justice

Department's, the United States Drug Enforcement Agency's, the

Internal Revenue Service's, the United States Secret Service's, and the Central Intelligence Agency's Motion to Dismiss (Document No. 5).  Third-Party Plaintiff Nicolaos Vrettos a/k/a Nicolaol Vrettol has not filed a response in opposition, and in accordance with Local Rule 7.4, the motion is deemed unopposed.  After having reviewed the motion and the applicable law, the Court concludes that the motion should be granted.

## I.  Background

This suit began as a tax delinquency action filed in state court by various municipal and county taxing authorities (the "Taxing Authorities") against Nicholas Vrettos a/k/a Nicolaol Vrettol ("Vrettos").  *See* Document No. 5 at 2.  The Taxing Authorities sued Vrettos and others to collect delinquent property taxes on real estate owned in whole or in part by Vrettos.  Id.  Vrettos then filed a third-party petition against the United States Justice Department, the United States Drug Enforcement Agency, the Internal Revenue Service, the United States Secret Service, and the Central Intelligence Agency (collectively, the "Government").  Id.; *see also* Document No. 1 ¶ 1.  Although Vrettos's Petition is largely illegible and/or unintelligible, the Government discerns from it that Vrettos is complaining that he has been labeled a drug dealer, a child molester, and a terrorist and, as a result, has been unable to work or receive money owed to him.  *See* Document No. 5 at 1.

On May 17, 2006, the Government removed the case pursuant to 28 U.S.C. § 1442(a)(1).  *See* Document No. 1.  *See* <u>Nolan v. Boeing Co.</u>, 919 F.2d 1058, 1066 (5th Cir. 1990).  The Government now moves to dismiss Vrettos's Third-Party Petition pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6), primarily on sovereign immunity grounds.  *See* Document No. 5.  According to the Government, the allegations in Vrettos's third-party petition sound in tort and are therefore governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  <u>Id.</u> at 3.  Because Vrettos failed to file an administrative claim as required by 28 U.S.C. § 2675(a) before filing his third-party petition, the Government argues that the Court lacks jurisdiction over his Vrettos's third-party petition and/or that Vrettos has failed to state a claim against the Government for which relief can be granted.  <u>Id.</u> at 4-5.

## II.   <u>Standard of Review</u>

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it.  <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001).  Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks.  *See* <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir. 1990); <u>Paterson v. Weinberger</u>, 644 F.2d 521, 523 (5th

3

Cir. 1981).   A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings.  Paterson, 644 F.2d at 523.   When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the pleadings are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true.  Id.; Simmang v. Tex. Bd. of Law Examiners, 346 F. Supp. 2d 874, 880 (W.D. Tex. 2004).  "When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the attack on the merits."  Simmang, 346 F. Supp. 2d at 880.

## III.   Discussion

The Government argues that Plaintiff's third-party petition is barred by the doctrine of sovereign immunity.  Sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." Williamson v. U.S. Dep't of Agriculture, 815 F.2d 368, 373 (5th Cir. 1987); see also United States v. Dahm, 110 S. Ct. 1361, 1368 (1990) ("Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (internal

quotation marks and citations omitted).  "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." United States v. Testan, 96 S. Ct. 948, 954 (1976); cf. FDIC v. Meyer, 114 S. Ct. 996, 1000 (1994) ("Sovereign immunity is jurisdictional in nature.").  "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983) (citing Cole v. United States, 657 F.2d 107, 109 (7th Cir. 1981)); accord Simon v. Montgomery, 54 F. Supp. 2d 673, 674-75 (M.D. La. 1999).  In his Third-Party Petition, Vrettos does not cite any federal statute or constitutional provision under which the Government has waived sovereign immunity, nor does he plead any facts that would establish a waiver of sovereign immunity in this case.

Moreover, the specific and exclusive remedy for tort-like claims of injury or loss of property arising or resulting from the negligent or wrongful acts of government employees acting within the scope of their employment is a claim brought pursuant to the FTCA. See 28 U.S.C. § 2675(a).  To bring such an action, however, the plaintiff must first file an administrative claim for damages with the relevant agency and have that claim finally denied before pursuing a lawsuit. See id.  "This requirement is jurisdictional, and may not be waived." Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995).  In this case, it is undisputed that Vrettos did

not make an administrative claim, and he therefore failed to exhaust his administrative remedies prior to filing this suit. Accordingly, the Court lacks subject matter jurisdiction over Vrettos's Third-Party Petition, and it will therefore be dismissed. Id.; *see also* Shah v. Quinlin, 901 F.2d 1241, 1244 (5th Cir. 1990) ("To the extent [the appellant's] claims fell within the [FTCA], his failure to exhaust his administrative remedies would be a jurisdictional bar to proceeding in court.").[1]

In addition, because the only claim giving rise to removal under 28 U.S.C. § 1442 will be dismissed, and because the remaining claims in this case are purely local in nature and do not implicate any federal interests, the Court will exercise its discretion to decline to exercise continued jurisdiction over the remaining claims. *See* IMFC Prof. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 160 (5th Cir. 1982) ("[W]e hold that § 1442(a)(1), through its creation of an ancillary jurisdiction, confer[red] discretion on the district court to decline to exercise continued jurisdiction over IMFC's claims once [the Department of Health and Human Services] dropped out of the case."). The case will therefore be remanded to the 165th Judicial District Court of Harris County, Texas.

---

[1] Even if jurisdiction existed, dismissal would still be warranted because Vrettos's rambling and largely unintelligible third-party petition fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

IV.   <u>Order</u>

Based on the foregoing, it is hereby

ORDERED that Third-Party Defendants the United States Justice Department's, the United States Drug Enforcement Agency's, the Internal Revenue Service's, the United States Secret Service's, and the Central Intelligence Agency's Motion to Dismiss (Document No. 5) is GRANTED, and Plaintiff Nicolaos Vrettos's Third-Party Petition is DISMISSED.  A Final Judgment will be entered dismissing this Third-Party Petition based on the Court's express determination that there is no joint reason for delay in doing so. *See* Fed. R. Civ. P. 54(b).  It is further

ORDERED that the original tax delinquency case filed in state court by the Taxing Authorities against Defendant Niolaos Vrettos a/k/a Nicolaol Vrettol and other Defendants is REMANDED to the 165th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1447(c).

The Clerk will mail a certified copy of this Order to the Clerk of the 165th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 31st day of July, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

7